UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF DISTRICT OF FLORIDA
MIAMI DIVISION

NICKEISHA REYNOLDS AND
CHRISTEN WALTERS,

Plaintiffs, CASE NO.: 1:16-cv-22199-MGC

v.

CYNTHIA D. CARR, individually acting through Power of Attorney given to Ira Elegant, Esq.

Defendant.
_________________________________/

**NOTICE OF FILING PLAINTIFF'S STATEMENT OF CLAIM**

Pursuant to this Court's Order dated July 8, 2016 [D.E. 8], Plaintiff, Nekeisha Reynolds, hereby gives Notice of filing the following Statement of Claim:

**STATEMENT OF CLAIM**

Plaintiff states the following:

1. Plaintiff was hired by Defendant to work as a non-exempt nurse, and as a non-exempt domestic service employee, along with companionship duties. Plaintiff has done so for well in excess of the three (3) year statute of limitations pursuant to the FLSA.

On or about October 2010, through May 13, 2016, well in excess of the three (3) year statute of limitations pursuant to the FLSA. During the relevant time period in this case, Plaintiff would be owed for the time period of June 15, 2013 through May 13 2016(151 weeks). Plaintiff under the FLSA is entitled to half-time compensation for all hours worked over forty (40) within a work week. Throughout her employment, Plaintiff

was considered an exemplary employee by Defendant and was given increases by Defendant, throughout her tenure. Further, Plaintiff had no significant history of disciplinary, performance, or attendance problems with Defendant.

Defendant makes hiring and firing decisions through a Power of Attorney, and her decision maker is Ira Elegant, Esq. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week. Throughout her employment, Defendant failed to compensate Plaintiff at a rate one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

Plaintiff is entitled to compensation for overtime hours each work week, Plaintiff estimates her damages as follows:

Based on a time and a half method, Plaintiff calculates her damages at:

**<u>Calculation</u>**

**Plaintiff worked an average of 20 overtime hours per workweek during her tenure. Plaintiff was paid a salary for the first 40 hours and was paid $40.00 per hour for each overtime hour worked. Plaintiff is owed half-time for all hours worked over 40, calculated as follows:**

**$40.00 per hour/2=$20.00(half-time rate) x 20 hours (average overtime per week) =$400.00(owed per workweek) x 151 weeks = $60, 400.00 (unliquidated) and $120, 800 (liquidated).**

Counsel for Plaintiff has incurred 15.8 hours of total attorney time to date at $450.00 per hour, for a total of $7, 110.00

Plaintiff estimates her overtime wage damages to be approximately $60,400.00 (unliquidated) and $120, 800 (liquidated). Once Defendant exchanges all pay and time records, Plaintiff will amend, if necessary. Additionally, Plaintiff is seeking an FLSA Retaliation claim against Defendant, pursuant to 29 U.S.C Section 216(B). Plaintiff is seeking unpaid wages and compensatory damages; liquidated damages, and attorneys' fees and costs, and any and all relief that this Court deems proper under the FLSA.

Dated this 29th day of June, 2016.

Respectfully submitted,

RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Fax: 954-337-2771
E-Mail:
Richard@floridaovertimelawyer.com

**/s Richard Celler**
Richard Celler, Esq.
Florida Bar No.0173370

*Trial Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a copy to all counsel of record.

**/s/ Richard Celler**
Richard Celler, Esquire